ALBERT W. ZIEGLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CLIFFORD E. ZIEGLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46291, 46292. Promulgated July 13, 1931.

*Raymond C. Cushwa, Esq.*, and *Walter E. Barton, Esq.*, for the petitioners.

*P. A. Bayer, Esq.*, for the respondent.

OPINION.

SMITH: The sole issue in this case is controlled by the Board's decision in *A. T. Jergins Trust*, 22 B. T. A. 551, 562, 563. In that case we said:

The final contention of petitioner is that respondent erred in adding its drilling and development expenses to the amounts recoverable through depletion. Petitioner has waived its contention that these costs are proper subjects for annual deductions and apparently concedes that they should be capitalized. We believe that this is the proper solution of the problem. Cf. *Consolidated Mutual Oil Co.*, 2 B. T. A. 1067, *Old Farmers Oil Co.*, 12 B. T. A. 203. Both parties agree that these capital expenditures are returnable to petitioner during the life of its lease and they differ only as to the character of the deduction. Respondent has allowed it as depletion, while petitioner claims it as depreciation. * * *

* * * * * * *

* * * Amounts expended in development and drilling operations convey to us the impression of expenditures for improvement of the property upon which the statute permits the taxpayer to deduct depreciation. * * *

In computing the partnership profits taxable to the petitioners in 1925 and 1926, depreciation deductions should be allowed of a pro rata part of the above amounts expended in connection with the development of the oil wells.

*Judgments will be entered under Rule 50.*